FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MICHELLE P.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 1:17-CV-03087-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 17. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C §§ 401-434. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and remands for additional proceedings consistent with this order.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 1**

# I. Jurisdiction

Plaintiff filed her application for Disability Insurance Benefits on October 22, 2012. AR 211-219. Her alleged onset date of disability is June 4, 2012. AR 14, 213. Plaintiff's application was initially denied on January 4, 2013, AR 112-14, and on reconsideration on May 29, 2013, AR 119-21.

A hearing with Administrative Law Judge ("ALJ") Larry Kennedy occurred on April 20, 2015. AR 48-91. On October 2, 2015, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 14-25. The Appeals Council denied Plaintiff's request for review on March 10, 2017, AR 1-5, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits, on May 15, 2017. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

# II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the

claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of

impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the

national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational

interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 42 years old at the alleged date of onset. AR 24, 213. She has a high school education and is able to communicate in English. AR 24, 57. Plaintiff has past work as a cashier, sales clerk, teacher's aide, and housekeeper. AR 23.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act from June 4, 2012, through the date of the ALJ's decision. AR 14, 25.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 4, 2012 (citing 20 C.F.R. §§ 404.1571 *et seq*.). AR 16.

**At step two**, the ALJ found Plaintiff had the following severe impairments: lumbar spine spondylolisthesis (citing 20 C.F.R. §§ 404.1520(c)). AR 16.

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 17.

**At step four**, the ALJ found Plaintiff had the residual functional capacity to perform light work, except: she can occasionally balance, stoop, kneel, crouch; she cannot climb ladders, ropes, scaffolds, ramps, stairs; she cannot crawl; and she must avoid concentrated exposure to vibrations and hazards. AR 18.

The ALJ found that Plaintiff is able to perform her past relevant work as a teacher's aide, housekeeper, cashier II, and sales clerk. AR 23.

**At step five**, the ALJ found, in light of her age, education, work experience, and residual functional capacity, there are additional jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 24-25. These include productions assembler, hand packager, fast food worker, assembler, bench assembler, and circuit board assembler. *Id*.

\\

\\

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 7

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ erred because: (1) Dr. Burkett's opinion submitted for the first time on appeal undermines the ALJ's decision; (2) the ALJ erred in considering the Listings at step three; (3) the ALJ improperly discredited Plaintiff's subjective complaint testimony; and (4) the ALJ improperly evaluated the medical opinion evidence.

## VII. Discussion

### A. Additional Evidence Submitted to the Appeals Council.

Following the ALJ's determination finding Plaintiff ineligible for disability benefits, Plaintiff filed a request for review and submitted, for the first time, a medical opinion by Dr. Rox C. Burkett[1] in conjunction with her request for review of the ALJ's decision. AR 1-5. Plaintiff asserts that the Appeals Council erred by improperly assessing the additional medical opinion evidence that related back to the disability time period considered by the ALJ. ECF No. 12 at 5-6. The Commissioner argues the Appeals Council did not err because it did indeed consider the new medical opinion evidence. ECF No. 17 at 20-21.

---

[1] It seems counsel for the plaintiffs has begun to make a habit of waiting until the appeal to file opinions from Dr. Burkett that relate to the relevant period as an attempt to undermine the ALJs' decisions rather than properly presenting relevant medical evidence to the ALJ. *See Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001)(there must be good cause for late submissions). The Court admonishes counsel to file relevant medical records prior to hearings with an ALJ.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 8**

As noted above, the Appeals Council denied Plaintiff's request for review on March 10, 2017. AR 1-5. In denying Plaintiff's request for review, the Appeals Council stated:

> [W]e considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Oder of Appeals Council. We considered whether the Administrative Law Judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

AR 2.

While the Court may review the final decisions of the Commissioner of Social Security, 42 U.S.C. § 405(g), the Court does "not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec. Admin,* 682 F.3d 1157, 1161 (9th Cir. 2012). However, the Court reviews the administrative record, which "includes evidence submitted to and considered by the Appeals Council." *Id.* at 1162. "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Such evidence, when considered by the Appeals Council, "becomes part of the administrative record." *Brewes*, 682 F.3d at 1163. New evidence considered by the Appeals Council can negatively impact the ALJ's decision if, taking the new

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 9**

evidence into account, the ALJ's decision denying disability benefits is no longer supported by substantial evidence in the record. *See id*. at 1164.

Plaintiff contends that the Appeals Council did not really consider the new opinion evidence as there is no discussion of what Dr. Burkett opined and the potential impact of this opinion. ECF No. 12 at 6. Dr. Burkett opined that Plaintiff is close to meeting Listings 1.02 or 1.04, that the side effects of Plaintiff's medications negatively affect her ability to work; and that Plaintiff has significant limitations in all postural actions due to her back impairment. AR 719-21. Dr. Burkett concludes that Plaintiff is unable to work. AR 721. Plaintiff argues that this opinion would compel disability if fully credited and the Appeal's Council improperly determined that this evidence would not provide a basis for changing the ALJ's decision. ECF No. 12 at 6.

This new evidence submitted by the Plaintiff on appeal potentially affects the remaining evidence of record, including the other medical opinion evidence, Plaintiff's subject complaint testimony, and the limiting effects of Plaintiff's impairment. *See Brewes*, 682 F.3d at 1164 (new evidence considered by the Appeals Council can negatively impact the ALJ's decision if, taking the new evidence into account, the ALJ's decision denying disability benefits is no longer supported by substantial evidence in the record). This new medical opinion evidence, admitted into the record without any discussion by the Appeals Council,

undermines the ALJ's determination regarding Plaintiff's postural limitations. Thus, it is error for Dr. Burkett's opinion to not receive consideration. "[A] reviewing court cannot consider [] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). However, the extent of the effect of Dr. Burkett's opinion is not immediately clear, especially given the ALJ's footnote statements that even with additional postural limitations and a sedentary residual functional capacity Plaintiff would be able to perform several of the jobs identified in the ALJ's decision. AR 23, 25. Further administrative proceedings are necessary.

As this new evidence can negatively impact the ALJ's decision and has not been properly considered, remand to the ALJ for further consideration is in order to allow the Commissioner to reconsider its decision in light of Plaintiff's additional medical opinion evidence. On remand, the ALJ must account for Dr. Burkett's report as part of the five-step sequential process.

As the Court finds that remand for additional findings is appropriate, the Court need not address Plaintiff's additional allegations of error. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 11

before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). Further, Plaintiff's request for an immediate award of benefits is denied as further proceedings are necessary to develop the record. *See* ECF No. 12.

Upon remand, the ALJ will issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, if necessary, further develop the record, reevaluate the medical opinion evidence, obtain supplemental evidence from a vocational expert, and re-evaluate the claimant's credibility. The ALJ shall recalculate the residual functional capacity, considering all impairments, and then evaluate, based on this updated residual functional capacity, Plaintiff's ability to perform past relevant work, as well as work available in the national economy.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 30th day of July, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge